1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JODI JILL STEVENS,                      Case No.  1:25-cv-00733-HBK

12                    Plaintiff,              ORDER TO ASSIGN DISTRICT JUDGE

13          v.                                FINDINGS AND RECOMMENDATIONS TO
                                              DENY WITHOUT PREJUDICE PLAINTIFF'S
14    COMMISSIONER OF SOCIAL                  MOTION TO PROCEED *IN FORMA*
      SECURITY,                               *PAUPERIS*
15
                    Defendant.                FOURTEEN-DAY OBJECTION PERIOD
16
                                              (Doc. No. 6)
17

18

19          On June 16, 2025, Plaintiff Jodi Jill Stevens ("Plaintiff"), proceeding through counsel,

20    filed the Complaint in this action.  (Doc. No. 1).  On the same date, Plaintiff filed a motion to

21    proceed *in forma pauperis* under 28 U.S.C. § 1915.  (Doc. No. 2).  On July 28, 2025, the Court

22    ordered Plaintiff to complete and file an Application to Proceed in District Court Without

23    Prepaying Fees or Costs (Long Form) – AO 239 ("Long Form") because her application

24    demonstrated she may be receiving income above the poverty threshold, and the information

25    submitted was insufficient for the Court to determine if she is entitled to proceed without

26    prepayment of fees in this action.  (Doc. No. 3).  On August 8, 2025 Plaintiff filed a completed

27    Long Form.  (Doc. No. 6).

28          Except for habeas corpus actions, all parties instituting any civil action, suit or proceeding

1  in a district court of the United States must pay a filing fee of $350.00 and additional

2  administrative fee of $55.00 for a total filing fee of $405.00.  *See* 28 U.S.C. § 1914(a), (c).  A

3  civil action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is

4  granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  Proceeding IFP is "a

5  matter of privilege and not right."  *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984)

6  (abrogated on different grounds).  While IFP applicants need not be "destitute" a showing of

7  indigence is required.  *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339–40 (1948).  A

8  plaintiff must allege indigence "with some particularity, definiteness and certainty" before IFP

9  can be granted.  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  Courts are

10  required "to assure that federal funds are not squandered to underwrite, at public expense, either

11  frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material

12  part, to pull his own oar." *Temple v. Ellerthorpe,* 586 F.Supp. 848, 850 (D.R.I.1984).

13         In her application, Plaintiff declares a monthly income of $2,700 for herself and a monthly

14  income of $6,400 for her spouse, for a total of $9,100 in household monthly income.  (Doc. No. 6

15  at 1-2); *see Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (court may consider a

16  plaintiff's spouse's financial resources in determining whether she is entitled to *in forma pauperis*

17  status).  Plaintiff reports she and her spouse have $100 in cash and a total of $1,310 in checking

18  accounts; however, they list assets including a home valued at $450,000, a motor vehicle valued

19  at $34,000, and another vehicle valued at $28,000.  (*Id*. at 2-3).  Plaintiff and her spouse's stated

20  monthly expenses include $1,900 in mortgage payments, $901 in utilities, $350 in home

21  maintenance, $500 in food, $300 in clothing, $750 in medical expenses, $650 in transportation,

22  $170 in life insurance, $400 in motor vehicle insurance, $1,600 in motor vehicle installment

23  payments, $900 in credit card and loan payments, $300 in "other" installment payments, and $200

24  in "support paid to others," with expenses totaling approximately $8,921 per month.  (*Id*. at 4-5).

25  Plaintiff lists her sister as a dependent who relies on her for support.  (*Id*. at 5).

26         In assessing whether a certain income level meets the poverty threshold under §

27  1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department

28  of Health and Human Services.  According to the U.S. Department of Health and Human

Services, the 2025 federal poverty guideline for a two-person household in the contiguous United States is $21,150 annually.  *See* 2025 HHS Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited August 22, 2025).  Plaintiff and her spouse's annual income is more than five times that threshold.  Moreover, courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Alvarez v. Berryhill*, 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018). Plaintiff's affidavit does not demonstrate that paying the $405 filing fee would deprive her of life's necessities. *See Escobedo*, 787 F.3d at 1234; *see also Kaur v. Comm'r of Soc. Sec*., 2022 WL 1023975, at *2 (Apr. 1, 2022), (recommending denial of in forma pauperis application and noting "courts in this district have denied applications to proceed IFP, even where the budget 'appear[s] tight,' if the itemized expenses reflect at least some extent of discretionary spending beyond strict necessity.") (collecting cases).

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign this case to a district judge for the purposes of reviewing these Findings and Recommendations.

It is further **RECOMMENDED**:

1.  Plaintiff's application to proceed *in forma pauperis* (Doc. No. 6) be DENIED without prejudice.

2.  Plaintiff be ordered to pay the $405.00 filing fee in full in order to proceed with this action.

3.  If Plaintiff fails to comply with this Order, the case may be dismissed for failure to prosecute and/or comply with a court order.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned,

"Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:    August 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4